# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS ARREDONDO-QUEVEDO,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CASE NOS.   18cr2292-LAB<br>                     19cv1609-LAB<br><br>**ORDER GRANTING PETITION FOR RESENTENCING [Dkt. 29]** |

Juan Carlos Arredondo-Quevedo has filed a timely Petition for Resentencing under 28 U.S.C. § 2255. Arredondo-Quevedo argues, and the United States agrees, that the 96-month sentence imposed by this Court in 2018 was plain error because the Sentencing Guidelines range used by the Court was based on three California convictions from the 1990s that should not have "scored." Because Arredondo-Quevedo's period of incarceration for those offenses ran concurrently and ended in 2000, these convictions did not "result[ ] in the defendant being incarcerated during any part of [the] fifteen-year period" preceding his April 25, 2018 arrest for his current offense, violation of 8 U.S.C. § 1326. *See* Sentencing Guidelines § 4A1.2(e)(1).

The Court agrees with the parties that these convictions should not have "scored" for purposes of determining Arredondo-Quevedo's Guidelines range. It also agrees that the failure to accurately calculate the Guidelines range affected the sentence the Court ultimately imposed. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016)

("When a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error."). Petitioner's original Presentence Report placed him in Criminal History Category Six and gave him 27 points under the Guidelines, which resulted in a sentencing range of 130 to 162 months. The parties agree that Petitioner should have instead been placed in Criminal History Category Four and received only 19 points under the Guidelines, which would result in a significantly lower range of 46 to 57 months. Because Petitioner's 96-month sentence is nearly double the high end of this range, the Court concludes that the error was material and that Arredondo-Quevedo should be resentenced using the correct Guidelines range.

\* \* \*

Because the Court finds that Arredondo-Quevedo's sentence was calculated in error, it is **ORDERED** that:

1. Petitioner's Petition for Resentencing under 28 U.S.C. § 2255 is **GRANTED** (Dkt. 29);
2. Petitioner's sentence is **VACATED**. However, all terms and provisions of the original judgment remain in effect;
3. The United States Probation Office shall file a copy of the original Presentence Report and a supplement to the Presentence Report advising the Court of any relevant information pertaining to Petitioner's time in custody and including a sentencing recommendation in accordance with this Order by **January 3, 2020**; and
4. A resentencing hearing will be set for **January 27, 2020 at 9:00 a.m.** before the undersigned. Should the parties wish to file memoranda pertaining to the resentencing, they must do so on or before **January 7, 2020**.

**IT IS SO ORDERED**.
Dated: December 10, 2019

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge